IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

WILLIE LEVELL NORTON, JR.                                      PLAINTIFF

v.                          No. 2:12CV00012 KGB-JTK

CAROLYN W. COLVIN,
Acting Commissioner,
Social Security Administration                                DEFENDANT

OPINION AND ORDER

Plaintiff-claimant Willie Levell Norton, Jr., appeals under 42 U.S.C. § 405(g) the decision of defendant Commissioner of the Social Security Administration [1] to deny Mr. Norton's application for Supplemental Security Income.   Mr. Norton asks this Court to reverse the Commissioner's decision and remand his case to the Social Security Administration ("SSA") for the award of benefits.   Both parties have submitted appeal briefs.   After considering the record, the arguments of the parties, and the applicable law, this Court affirms the Commissioner's decision.

I.       Standard of Judicial Review

When reviewing a decision denying an application for disability benefits, the Court must determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner made a legal error.   See 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009) (stating that the court's "review of the Commissioner's denial of benefits

---

[1]   Carolyn W. Colvin was sworn in as Acting Commissioner of the Social Security Administration on February 14, 2013, replacing Michael J. Astrue.   She has therefore been substituted as the defendant in this case pursuant to Fed. R. Civ. P. 25(d).

is limited to whether the decision is 'supported by substantial evidence in the record as a whole'");
*Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision
to deny an applicant disability benefits if the decision is not based on legal error and if there is
substantial evidence in the record as a whole to support the conclusion that the claimant was not
disabled.").   Substantial evidence is more than a mere scintilla of evidence; it means such relevant
evidence as a reasonable mind might accept as adequate to support a conclusion.  *Slusser*, 557
F.3d at 925.   In determining whether substantial evidence supports the Commissioner's decision,
the Court must consider evidence that detracts from the Commissioner's decision as well as
evidence that supports the decision, but the Court may not reverse the Commissioner's decision
simply because substantial evidence supports a contrary decision.  *See Sultan v. Barnhart*, 368
F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).   The Court
may not reweigh the evidence or try the issues *de novo*.   *Harris v. Shalala*, 45 F.3d 1190 (8th Cir.
1995).

## II.    The Disputed Issues

In this case, the parties do not dispute that Mr. Norton exhausted his administrative
remedies.  *See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social
Security Act precludes general federal subject matter jurisdiction until administrative remedies
have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants
to appeal only final decisions).   Mr. Norton contends that the Administrative Law Judge ("ALJ")
erred (1) when he found Mr. Norton did not meet Listing 1.05(B) and 1.00(B)(2)(b), (2) in failing
to consider Mr. Norton's pain as a significant non-exertional limitation, which therefore resulted in
a deficient evaluation of Mr. Norton's residual functional capacity, and (3) in not developing the

record in the case.   Mr. Norton also contends that he suffers from a left below-knee amputation without prosthesis, should have been entitled to a closed period of disability, and, therefore, the decision is not supported by substantial evidence.

### III.    The Commissioner's Decision

Mr. Norton applied for Supplemental Security Income on November 5, 2007, alleging disability beginning November 3, 2007 (Tr. 10).   The ALJ denied his applications on April 22, 2010 (Tr. 10-17).   The Appeals Council denied review on November 22, 2011, and the ALJ's decision became the final decision of the Commissioner (Tr. 1-4).   The ALJ found Mr. Norton not disabled in his April 22, 2010 decision (Tr. 10-17).

The ALJ used the five-step sequential evaluation process.   At step one, he found that Mr. Norton had not engaged in substantial gainful activity since his alleged onset date (Tr. 12).   At step two, he determined Mr. Norton had the following severe impairments: status post below knee amputation of the left lower extremity (Tr. 12-13).   At step three, the ALJ determined that Mr. Norton did not have an impairment or a combination of impairments that met or equaled any impairment found in the Appendix 1 Listing of Impairments (Tr. 13-14).   In addition, the ALJ determined that Mr. Norton's allegations of functional limitations were not totally credible and that Mr. Norton had the residual functional capacity to perform a restricted range of sedentary work (Tr. 14-16).   At step five, the ALJ determined that Mr. Norton did not have any past relevant work (Tr. 16).   Based on vocational expert testimony, the ALJ determined that Mr. Norton could perform work such as assembly and inspection jobs (Tr. 17, 26-27).   Accordingly, the ALJ concluded that Mr. Norton was not disabled and not entitled to disability benefits (Tr. 17).   On November 22, 2011, the Appeals Council denied Mr. Norton's request for review of the ALJ's

decision (Tr. 1-4).    As a result, the ALJ's decision became the final decision of the Commissioner from which Mr. Norton seeks judicial review under 42 U.S.C. § 405(g).

**IV.    Analysis**

The record evidence established that Mr. Norton was 20 years old at the time of the ALJ's decision (Tr. 16, 79).   He alleged disability due to the amputation of his left leg (Tr. 87).   Mr. Norton has a limited education (Tr. 16), and no past relevant work experience (Tr. 16).

**(1)    The ALJ's Step-Three Finding**

Mr. Norton contends the ALJ erred when he found that Mr. Norton did not meet Listing 1.05(B) and 1.00(B)(2)(b).   He claims that the ALJ may not disregard his subjective complaints solely because the objective medical evidence does not fully support them.   *Harris* 45 F.3d at 1193.

Listing 1.05 states:

Listing 1.05 is amputation (due to any cause):

A.  Both hands;
    or

B.  One or both lower extremities at or above the tarsal region, with stump complications resulting in medical inability to use a prosthetic device to ambulate effectively as defined in 1.00(B)(2)(b), which have lasted or expected to last at least twelve months; or

C.  One hand and one lower extremity at or above the tarsal region, with inability to ambulate effectively, as defined in 1.00(B)(2)(b); or

D.  Agmipelvectomy or hip diarticulation.

20 C.F.R. Part 404, Subpart P, Appendix 1 (2005).

Section 1.00(B)(2)(b), which is referenced in Listing 1.05, states in pertinent part:

b.   What we mean by inability to ambulate effectively

(1)   Definition.   Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities.   Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00(J)) to permit independent ambulation without the use of a handheld assistive device that limits the functioning of both upper extremities.

(2)   To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry activities of daily living.   They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surface, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a responsible pace with the use of a single handrail.   The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. Part 404, Subpart P, Appendix 1 § 1.00(B)(2)(2005).

The Commissioner states in response that, although Mr. Norton argues the record shows he does not have full use of his left lower extremity and that a major function was not restored or expected to be restored within 12 months of onset, Mr. Norton has failed to provide specifics with his argument, cites no objective evidence to support his allegation, and failed to meet his burden of presenting medical findings equal in severity to all the criteria of a listed impairment.   This Court agrees.   *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995).

Plaintiff has the burden to prove that his impairments meet or equal a listing.   *Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).   To meet a listing, the impairment must meet all of the specified criteria in the listing.   *Id.* at 530.   "An impairment that manifests only some of these

5

criteria, no matter how severely, does not qualify."   *Id.*

The ALJ considered the criteria and determined the Listing 1.05 had not been met or equaled (Tr. 13).   Medical evidence in the record supports this conclusion (Tr. 12-13).   The ALJ also examined whether Mr. Norton's mental impairment met or equaled a listing and made the finding that it did not (Tr. 13).   Evidence in the record supports this conclusion (Tr. 12-13). Substantial evidence supports the ALJ's decision, and there is no error of law in his finding on this issue.

### (2)      The ALJ's Consideration of Mr. Norton's Alleged Pain

Mr. Norton contends the ALJ erred in failing to consider his pain as a significant non-exertional limitation, which therefore resulted in a deficient evaluation of his residual functional capacity ("RFC").   RFC is what a claimant can do despite his limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of his limitations.   *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001); 20 C.F.R. § 416.945(a).   The ALJ found Mr. Norton retained the RFC for sedentary work.   Mr. Norton contends the ALJ's conclusion as to his non-exertional limitations is not supported by substantial evidence of record.   Specifically, Mr. Norton asserts that the ALJ did not fully consider his chronic left leg and shoulder pain (Dkt. No. 9 at 12-14).

A non-exertional limitation is a limitation or restriction which affects a claimant's "ability to meet the demands of jobs other than the strength demands."   20 C.F.R. § 404.1569a(a). Non-exertional limitations include the following:   difficulty functioning due to pain; difficulty functioning due to nervousness, anxiety, or depression; difficulty maintaining attention or concentration; difficulty understanding or remember detailed instructions; difficulty seeing or hearing; difficulty tolerating a physical feature of a certain work setting; or difficulty performing

the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching.   20 C.F.R. § 404.1569a(c)(1).

Mr. Norton contends that, absent medical records from his treating physician Dr. Hall, a determination cannot be made as to whether Mr. Norton's impairment meets a listing (Dkt. No. 9, at 6).   It is the claimant's responsibility to provide the Commissioner with medical evidence of his disability.   *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); 20 C.F.R. §§ 404.1512(a); 404.1512(c); 404.1516.   It was Mr. Norton's responsibility to present the strongest case possible.   *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).   At the hearing, the ALJ requested that Mr. Norton's attorney contact Mr. Norton's treating physician to determine the likelihood of Mr. Norton's receiving and using a prosthetic leg (Tr. 28-29).   The attorney indicated he understood and accepted responsibility for the request.   To date, Mr. Norton has not submitted the records and has not provided an explanation for his failure to do so.   An attorney's failure to obtain requested medical evidence suggests the evidence has only minor importance.   *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Further, when assessing pain as a non-exertional limitation, the issue is not whether Mr. Norton has pain but instead whether his pain was so severe that it prevented Mr. Norton from performing work.   *Clark v. Chater*, 75 F.3d 414, 417 (8th Cir. 1996).   The ALJ ordered two consultative examinations of Mr. Norton (Tr. 12).   Mr. Norton was examined by Dr. David Lee Webber on January 8, 2008, and a mental status examination was done by Charles M. Spellman, Ph.D. on July 1, 2008 (Tr. 12).   The ALJ considered Mr. Norton's complaints of pain and the record before him in assessing Mr. Norton's RFC (Tr. 14-16).   The ALJ gave "great weight" to the opinion of Dr. Spellman (Tr. 15).   The ALJ determined that Dr. Spellman's opinion was supported by the findings on his examination of Mr. Norton as well as the assertions of Mr. Norton

at that examination (Tr. 15).   The ALJ's RFC determination is consistent with the state agency examiners' assessment of Mr. Norton (Tr. 15).

Substantial evidence supports the ALJ's decision, and there is no error of law in his finding on this issue.

### (3)      The ALJ's Development of the Record

Mr. Norton alleges the ALJ erred in not developing the record in the case.   As a result, Mr. Norton contends the ALJ erred in determining that Mr. Norton's complaints of severe, unremitting, and disabling pain and limitation are not substantiated by the overall record and not credible to the extent alleged.   The ALJ stated that he applied the five-factor *Polaski* test.   *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

As to Mr. Norton's first point, Mr. Norton offers very little objective medical evidence to support his disability claim.   He admits the evidence is limited but argues the ALJ erred in not developing the record.   To demonstrate that the record has been inadequately developed, Mr. Norton must show both a failure to develop necessary evidence and unfairness or prejudice from that failure.   *Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001).   The Court concludes Mr. Norton has not met his burden here.   The ALJ ordered two consultative examinations of Mr. Norton (Tr. 12).   The ALJ considered information from these examinations in making his findings (Tr. 12-15).

As the United States Court of Appeals for the Eighth Circuit recently explained:

[T]his argument mischaracterizes the ALJ's burden.   While an ALJ does have a duty to develop the record, this duty is not never-ending and an ALJ is not required to disprove every possible impairment.   *Barrrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994).   The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled.   *Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986).

*McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011).

As to Mr. Norton's second point, an ALJ who determines the claimant's testimony as to pain is not credible must make specific findings explaining that conclusion.   *Ghant v. Bowen*, 930 F.2d 633, 637 (8th Cir. 1991).   The ALJ here did so in his consideration of the *Polaski* factors (Tr. 15-16).   He made specific findings explaining his conclusion.   *See Baker v. Secretary of Health and Human Services*, 955 F.2d 552, 555 (8th Cir. 1992).   He determined that the subjective allegation and complaints of Mr. Norton with regard to pain are inconsistent in many respects and, therefore, not fully credible to the extent alleged.   They are not supported by other evidence of record.   For example, there is no evidence of record that Mr. Norton required further treatment of the surgical site or evidence of treatment by mental health professionals for his claimed depressive symptoms, despite taking medication at times (Tr. 16).   This Court should not disturb the decision of any ALJ who seriously considers, but for good reasons, explicitly discredits a claimant's testimony of disabling pain.   *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993).

Further, Mr. Norton's medical records end in November 2007 when he was discharged from the hospital (Tr. 150-238).   His lawyer stated that he had been seeing his doctor every month for treatment, agreed to provide medical records, but failed to provide those records, despite his agreement to do so (Tr. 28-29).   The absence of medical evidence supporting a claimant's subjective complaints is a factor that supports the discounting of such complaints.   *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997).

Here, the record provides a sufficient basis for the ALJ's decision.   *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).   Substantial evidence supports the ALJ's decision, and there is no error of law in his finding on this issue.

**(4)      Consideration of a Closed Period of Disability**

Mr. Norton also contends that he suffers from a left below-knee amputation without prosthesis, should have been entitled to a closed period of disability, and, therefore, the decision is not supported by substantial evidence.

To qualify for a closed period of disability, Mr. Norton must first show that he is entitled to disability.   20 C.F.R. § 404.316.   *See also Harris v. Secretary of the Department of Health and Human Services*, 959 F.2d 723 (8th Cir. 1992)(examining closed period of disability).   He has not done so here for all of the reasons stated.   Substantial evidence supports the ALJ's decision, and there is no error of law in his finding on this issue.

**V.      Conclusion**

Having determined substantial evidence supports the Commissioner's denial of Mr. Norton's applications for disability benefits, and the Commissioner made no legal error, the Court DENIES Mr. Norton's request for relief and AFFIRMS the Commissioner's decision.

IT IS SO ORDERED this 27th day of March, 2013.

KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE

10